## EX PARTE F. L. RANDLE.

On the 17th of February, 1863, applicant filed his application for the writ of Habeas Corpus, in the Supreme Court, which was resisted by the respondent, Brigadier General John Sayles. On the hearing of the application, the following facts were submitted in evidence: The applicant was a citizen of Texas; on the 7th day of July, 1861, he enlisted in the third Regiment of Georgia to serve in the Army of Confederate States for one year; he was between the ages of eighteen and thirty-five; his term of service was prolonged by the act of Congress, approved April 6, 1862, entitled "An act to provide for the public defence." On the 6th day of August, 1862, in pursuance of the 9th Section of said Act, he furnished a substitute, who was a citizen of Georgia, and thirty-eight years of age; and he was thereupon regularly and legally discharged. Upon his return to his home in this State, he was enrolled with the militia. The Commanding General of the Confederate States for this Military District, having made a requisition upon the Governor of this State, for not less than five thousand militia soldiers, to protect the coast and to repel the invasion of Texas, on the — day of December, 1862, the applicant was, in pursuance of the order of the Governor, for the draft of a sufficient number of the militia of the State, to satisfy said requisition, drafted as a militia soldier of the State, and at the time of his application, was held in custody as such, by the respondent John Sayles, as Brigadier General of the State Militia, but subject to the orders of the Commanding General of the Confederate States Army, of this Military District. *Held,* that applicant was not entitled to the writ.

A person who has been legally discharged from the Army of the Confederate States as a conscript, under the Act to provide for the public defense, of April 16th, 1862, by reason of having furnished a substitute, not at that time subject to conscription, nor at any time amenable to the militia laws of this State, can be required to do service as a militia soldier of this State, under a requisition of the Confederate States, during the period for which he was conscribed.

The Constitution of the Confederate States authorizes Congress to raise and support armies, and also to call forth the militia to execute the laws, suppress insurrections and repel invasions; these are separate and distinct grants of power; under the first, Congress may raise armies by its own immediate and direct action upon the arms-bearing citizens of the State; under the second, by and through the action of the officers of the State, the militia are called for the temporary exigencies indicated in the Constitution, into the service of the Confederate States.

In the one case, Congress determines what portion of the citizens are liable to do military service in the armies, which it has direct authority to raise, and can prescribe the terms and conditions upon which it will exempt them from

this service; in the other, the State alone can determine who are its militia, and whom of its citizens it will hold subject to do duty as such.

A person who has furnished a substitute and received his discharge, is not in fact, nor can he be regarded in legal contemplation or by fiction of law, as still in the military service of the Confederate States, but after his discharge, he is subject to be called upon to perform any of the civil duties which the Government may otherwise require of him.

The Act of April 16, 1862, entitled an "Act to provide for the public defense," was enacted solely under the Constitutional grant of power to Congress, to raise and support armies. This act was not intended and could not have the effect of a negation or limitation of the right of the Confederate Government to call forth the militia, under the other constitutional grant of power conferring this authority.

When the law declares "that persons not liable for duty, may be received as substitutes for those who are," there can be no question that the "duty" for which the person offered as a substitute must not be "liable," is the "duty" which the citizen is liable and called upon to perform under and by virtue of this law, and the constitutional provision, under which it was enacted.

A person furnishing a substitute under this law, is exempt from this "duty," imposed by this law, but he is not exempted thereby from duty imposed upon him by another law, under another constitutional provision, though such other duty may be of a Military character.

Tried before the Supreme Court.

*A. M. Lewis*, for applicant.

*Attorney General & John Sayles*, for respondent.

MOORE J., delivered the opinion of the Court.

Application refused.

[On the hearing of this application, the rules prescribed by the Sec'y of War, regulating discharges under the 9th section of the conscript law of April 16, 1862, were not before the Court. Justice MOORE, in this opinion, makes the following remarks : " It is proper, perhaps, that we shall say, that we have examined this case in reference alone to the law under which the applicant was retained in service as a conscript, and under which he obtained his discharge, without reference to the subsequent legislation upon the subject, or rules subsequently made by the Secretary of War, regulating the manner of obtaining discharges upon furnishing substitutes."—REP.]